WHEELER ET AL., RESPONDENTS, *v.* MITCHELL, SECRETARY OF STATE, ET AL., APPELLANTS.

(No. 8,002.)

(Submitted March 5, 1940.  Decided March 29, 1940.)

[101 Pac. (2d) 1071.]

*Mr. Harrison J. Freebourn,* Attorney General, and *Mr. Enor K. Matson,* First Assistant Attorney General, for Appellants, Samuel W. Mitchell and Harrison J. Freebourn, as members of the State Board of Examiners, John J. Holmes, State Auditor, and Ray N. Shannon, State Treasurer; and *Mr. John G. Brown, Mr. William A. Brown* and *Mr. Earle N. Genzberger,* for Appellant and Intervener Minneapolis Fire and Marine Insurance Company, submitted a brief; *Mr. John G. Brown, Mr. Matson* and *Mr. Genzberger* argued the cause orally.

*Mr. Ernest A. Peterson* and *Messrs. Booth & Booth,* for Respondents, submitted a brief; *Mr. Peterson* and *Mr. Edwin S. Booth, Jr.,* argued the cause orally.

MR. JUSTICE ARNOLD delivered the opinion of the court.

This appeal follows a judgment in favor of the plaintiffs making permanent a temporary injunction previously issued by the district court for Lewis and Clark county. The facts upon which the action was based are as follows: On or about August 8, 1938, when the State Board of Examiners, composed of the Governor, Secretary of State, and Attorney General, was in session the latter two voted to adopt the following motion of the attorney general: "I move that the Board of Examiners place insurance as outlined on all state-owned bridges, the policy to be written in the amount of $12,000,000, 100% to value, at a rate of 1% for three years, making a total premium of $120,000." The Governor voted against the motion.

Pursuant to the motion, a contract was entered into with the Minneapolis Fire & Marine Insurance Company, intervener in this action, whereby the insurance company issued a multiple risk policy insuring the bridges of the state of Montana against certain enumerated risks, including fire, earthquake, flood, riot, etc. The consideration for the issuance of the policy was payable in advance.

When the claim was presented to the State Highway Commission for certification it was disapproved. On August 9, 1938, a temporary restraining order and order to show cause were issued on the application of John M. Wheeler, a member of the State Highway Commission, restraining the state auditor and state treasurer of Montana from paying the claim of $120,-000. Subsequently the other two members of the Highway Commission by permission of court joined the plaintiff in this action.

In revealing to the trial court some justification for this type of insurance, the record pursued its way from the Golden Gate Bridge of California to the Kill Van Kull Bridge of New York, with various side excursions into the different states and the Dominion of Canada. If the State Board of Examiners had no authority to contract for the insurance, as contended for by the plaintiffs, it is needless for us to review the record and determine all the issues raised relating to the necessity for this type of insurance, the validity and scope of the contract and other kindred matters.

The Constitution relating to the authority of the State Board of Examiners, being section 20 of Article VII, reads as follows:

"The governor, secretary of state and attorney general shall constitute a board of prison commissioners, which board shall have such supervision of all matters connected with the state prisons as may be prescribed by law. They shall constitute a board of examiners, with power to examine all claims against the state, except salaries or compensation of officers fixed by law, and *perform such other duties as may be prescribed by law*. And no claim against the state, except for salaries and compensation of officers fixed by law, shall be passed upon by the legislative assembly without first having been considered and acted upon by said board. The legislative assembly may provide for the temporary suspension of the state treasurer by the governor, when the board of examiners deem such action necessary for the protection of the moneys of the state."

Some of these same powers are again enumerated in section 232, Revised Codes. Section 256 likewise sets out certain duties

of the examiners. The powers of the State Highway Commission are enumerated in Chapter 156, Revised Codes of 1935. Section 1791, Revised Codes, grants the State Highway Commission authority to enter into contracts with the United States government relative to the construction and maintenance of highways. Section 1792 authorizes the Highway Commission to organize and operate a Division of Maintenance and Control. Section 1799 creates a State Highway Fund and a State Highway Trust Fund, the Highway Fund "for the use and purpose of the state highway commission," and the State Highway Trust Fund "for expenditure by the commission in connection with the actual construction of specific projects." Section 1800 requires that all accounts and expenditures shall be certified by the Highway Commission and approved by the State Board of Examiners. Likewise, the State Highway Commission is required to certify whether the warrant is to be drawn against the State Highway Fund or the State Highway Trust Fund.

It is thus seen that expenditures relating to highways, of which bridges are a component part, must be authorized and initiated by the State Highway Commission.

Appellants rely upon the case of *Miller Ins. Agency* v. *Porter,* 93 Mont. 567, 20 Pac. (2d) 643, 645, contending that the ruling of this court in that case should be decisive in the instant case. We see no parallel. That case arose out of the action of the examiners in insuring state-owned buildings without advertising for bids. As was stated in the opinion, "Neither party to this appeal questions the authority of the board to secure fire insurance policies on state buildings." Here the authority of the examiners is questioned where they have attempted to insure property and expend funds, the control of which has been expressly placed by the legislature in the State Highway Commission. Nowhere in the Constitution or statutes do we find authority for the State Board of Examiners to make contracts relating to maintenance or construction of highways or expenditure of highway funds in derogation of the power specifically vested in the Highway Commission by the legislature, though under the Constitution and statute any claim arising from such

contract must be examined by them. It is significant also that the legislature in 1937 appropriated $3,000 from the Highway Fund for insurance of buildings and contents owned by the State Highway Department, and $4,000 for the same purpose for the fiscal year ending July 1, 1939. Otherwise the legislature made no appropriation for insurance payable from highway funds.

Moreover, in view of the fact that the legislature authorized the Highway Commission to enter into contracts with the federal government respecting construction and maintenance of highways, it must be assumed that the legislature did not contemplate that any other board could in a measure nullify, such agreements by taking away funds from the State Highway Commission. If such a contract, as we now have before us involving expenditure of $120,000, could take that sum from the State Highway Commission, it would be equivalent to removing from availability for other highway purposes practically double that amount in view of the matching of funds system which · the federal government has inaugurated relating to construction and maintenance of highways. Therefore, the State Highway Commission might enter into such an agreement in contemplation of funds which it has on hand, or which are anticipated, only to find its action frustrated by the decision of the State Board of Examiners to use the money for another purpose.

We, therefore, conclude that the State Board of Examiners had no authority to enter into the contract for insurance with the intervener insurance company, and that the action of the trial court in making permanent the temporary injunction must be and is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ANGSTMAN and ERICKSON concur.